**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

SHANNON PHOENIX,

    Plaintiff,

v.

NANCY A. BERRYHILL
ACTING COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.

Civil Action No. 17-06561 (MAS)

**MEMORANDUM OPINION**

**SHIPP, District Judge**

    This matter comes before the Court on Shannon Phoenix's ("Plaintiff") appeal from the final decision of Nancy A. Berryhill, Acting Commissioner of the Social Security Administration ("Defendant" or "Commissioner"), denying Plaintiff's application for a period of disability and disability insurance benefits ("DIB") under Title II and supplemental security income benefits ("SSI") under Title XVI. The Court has jurisdiction to review this matter pursuant to 42 U.S.C. § 405(g) and § 1383(c)(3), and reaches its decision without oral argument pursuant to Local Civil Rule 78.1. For the reasons set forth below, the Court remands this matter for further analysis.

**I.    BACKGROUND**

    **A.    Procedural History**

    Plaintiff filed an application for DIB and SSI on June 16, 2014, alleging disability beginning on May 30, 2014. (Administrative Record ("AR") 174-75.)[1] These claims were denied initially on August 25, 2014, and again upon reconsideration on February 13, 2015. (*Id.* at 107,

---

[1] The Administrative Record is located at ECF No. 5-1 through 5-10. The Court will reference the relevant pages of the Administrative Record and will not reference the corresponding ECF citation within those files.

121.) The Administrative Law Judge ("ALJ") conducted an administrative hearing on August 3, 2016, following which the ALJ issued a decision finding that Plaintiff was not disabled. (*Id.* at 32-68, 18-27.) The Appeals Council denied Plaintiff's request for review on June 28, 2017. (*Id.* at 1-5.) On August 30, 2017, Plaintiff filed an appeal to the District Court of New Jersey and the matter was assigned to Judge Brian R. Martinotti. (ECF No. 1.) On March 5, 2018, Judge Martinotti issued an Order to Show Cause for Plaintiff's failure to file a timely brief as required by Local Civil Rule 9.1(e). (ECF No. 8.) In response, Plaintiff requested an additional thirty days to file her brief (ECF No. 9), which Judge Martinotti granted (ECF No. 10).

The case was reassigned to Chief Judge Jose L. Linares on April 13, 2018. (ECF No. 11.) Plaintiff filed her moving brief on April 25, 2018 (ECF No. 12), and the Commissioner filed opposition on May 29, 2018 (ECF No. 13). On September 28, 2018, Chief Judge Linares reassigned the matter to Magistrate Judge Paul A. Zoss pursuant to Standing Order 18-2. (ECF No. 14.) On October 15, 2018, this case was reassigned to the Undersigned for all further proceedings. (ECF No. 15.)

### B. **Factual History**

Plaintiff is a forty-six year old female born August 29, 1972. (AR 189.) She completed high school in June 1990. (*Id.* at 193). Plaintiff served as an administrative assistant from 1999 through 2001, and as an accounts receivable clerk from 2001-2014. (*Id.* at 193, 210-12.) Plaintiff filed her initial disability claim based on back injury and diabetes. (*Id.* at 69, 192.)

Plaintiff has received treatment for numerous conditions, including uterine cancer, carpal tunnel syndrome, spinal injury, back and leg pain, diabetes, post-traumatic stress disorder ("PTSD"), depression, anxiety, and alcohol abuse. (*Id.* at 295, 355-56, 416, 514, 692-706, 783, 785.) Plaintiff had a hysterectomy in June 2015 due to uterine cancer, received radiation therapy from May through December of 2015, and is currently in remission. (*Id.* at 41, 756-75.) Plaintiff also underwent numerous medical procedures, including left knee surgery in 1990, left carpal

2

tunnel surgery in 2002, right carpal tunnel surgery in 2014, and spinal injections to alleviate back pain in 2015. (*Id.* at 273, 403-04, 681-89, 693.)

At the hearing, Plaintiff testified that she has "lots of pain from herniated and bulging discs." (*Id.* at 40.) She also testified that although she requires surgery, the surgery was originally prevented by her cancer treatment and is currently prevented by her reliance on blood-thinning medication. (*Id.* at 41-42.) Plaintiff testified that she experiences pain on a level of nine out of ten, and at the time of the hearing her pain was at a level of seven and a half to eight out of ten. (*Id.* at 43.) She also testified that she would be absent from work two to three days a month because she would be bedridden due to back and neck injections. (*Id.* at 44.) Plaintiff indicated that she underwent a radiofrequency ablation, which she described as a "burning of the nerves to try to decrease the pain." (*Id.* at 46.) She further testified that in April 2015, doctors found cysts in her ovaries and uterus, and discovered cancer upon removal. (*Id.* at 47.) Surgery removing Plaintiff's uterus, ovaries, twenty-two lymph nodes and a piece of Plaintiff's bladder followed June 2015. (*Id.* at 48.) Plaintiff was treated for cancer from May to December 2015, at which point an abscess developed and she required hospitalization. (*Id.* at 48-49.) During her hospitalization for the abscess, doctors discovered a blood clot. (*Id.* at 49.) Plaintiff testified that during this time, she continued treatment for neck and back pain. (*Id.*)

C. **The ALJ's Decision**

On October 21, 2016, the ALJ rendered a decision. (*Id.* at 18-27.) The ALJ set forth the Social Security Administration's five-step sequential process for determining whether an individual is disabled. (*Id.* at 19-20.) At step one of the analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity ("SGA") since May 30, 2014, the alleged disability onset date. (*Id.* at 20.) At step two of the analysis, the ALJ found that Plaintiff had the severe impairments of degenerative disc disease of the cervical and lumbar spine, and diabetes mellitus, type II. (*Id.* at 21.) The ALJ also noted Plaintiff's history of treatment for uterine cancer,

3

depression, PTSD and alcohol abuse, but found these conditions non-severe because Plaintiff "failed to note any work-related symptoms or functional limitations related to these impairments." (*Id.*)

At step three, the ALJ determined that none of Plaintiff's impairments, or combination of impairments, met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (*Id.*) The ALJ next found that Plaintiff possessed the residual functional capacity ("RFC") "to perform light work . . . except that [Plaintiff] would be off-task for up to 10% of the workday, and absent up to one day per month." (*Id.* at 22.) At step four, the ALJ found that Plaintiff is capable of performing past relevant work as an accounts receivable clerk. (*Id.* at 26.) The ALJ, accordingly, found that Plaintiff has not been under a disability from May 30, 2014 through the date of the decision. (*Id.* at 27.)

## II. **LEGAL STANDARD**

### A. **Standard of Review**

On appeal from the final decision of the Commissioner of the Social Security Administration, the district court "shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g); *see also* 42 U.S.C. § 1383(c)(3); *Matthews v. Apfel*, 239 F.3d 589, 592 (3d Cir. 2001). To survive judicial review, the Commissioner's decision must be supported by substantial evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Morales v. Apfel*, 225 F.3d 310, 316 (3d Cir. 2000); *Plummer v. Apfel*, 186 F.3d 422, 427 (3d Cir. 1999); *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999); *Jones v. Sullivan*, 954 F.2d 125, 127-28 (3d Cir. 1991); *Daring v. Heckler*, 727 F.2d 64, 68 (3d Cir. 1984). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401 (citing *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). Substantial evidence is "more

4

than a mere scintilla of evidence but may be somewhat less than a preponderance of the evidence." *Ginsburg v. Richardson*, 436 F.2d 1146, 1148 (3d Cir. 1971).

In reviewing the record for substantial evidence, the court "may not weigh the evidence or substitute [its own] conclusions for those of the fact-finder." *Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005) (internal quotation omitted). Even if the court would have decided differently, it is bound by the ALJ's decision if it is supported by substantial evidence. *Fargnoli v. Massanari*, 247 F.3d 34, 39 (3d Cir. 2001). "We review the record as a whole to determine whether substantial evidence supports a factual finding." *Zirnsak v. Colvin*, 777 F.3d 607, 610 (3d Cir. 2014) (citing *Schaudeck v. Comm'r*, 181 F.3d 429, 431 (3d Cir. 1999)). "Since it is apparent that the ALJ cannot reject evidence for no reason or for the wrong reason, an explanation from the ALJ of the reason why probative evidence has been rejected is required so that a reviewing court can determine whether the reasons for rejection were improper." *Cotter v. Harris*, 642 F.2d 700, 706-07 (3d Cir. 1981) (internal citation omitted).

### B. <u>Establishing Disability</u>

In order to be eligible for entitlements under the Social Security Act, a claimant must be "unable to engage in any [SGA] by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months . . . ." 42 U.S.C. § 1382c(a)(3)(A). For purposes of the statute, a claimant is disabled only if her physical or mental impairments are "of such severity that [s]he is not only unable to do [her] previous work but cannot, considering [her] age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . ." 42 U.S.C. § 1382c(a)(3)(B). A physical or mental impairment is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 1382c(a)(3)(D).

5

Social Security regulations provide a five-step evaluation procedure to determine whether an individual is disabled. *See* 20 C.F.R. § 416.920(a)(4). The first step considers a claimant's work activity, if any. 20 C.F.R. § 416.920(a)(4)(i). To satisfy the first step, the claimant must establish that she has not engaged in any SGA since the onset of her alleged disability. *Id.* At the second step, the claimant must establish that she suffers from a severe impairment or "combination of impairments." 20 C.F.R. § 416.920(a)(4)(ii). The claimant bears the burden of establishing the first two requirements, and failure to satisfy either automatically results in denial of benefits. *Bowen v. Yuckert*, 482 U.S. 137, 146-47 n.5 (1987). If the claimant satisfies her burden, she proceeds to the third step. The third step of the evaluation procedure requires the claimant to provide evidence that her impairment is equal to one of those impairments listed in Appendix 1 of the regulations. 20 C.F.R. § 416.920(a)(4)(iii). If the claimant demonstrates that she suffers from a listed impairment or that her severe impairment is equal to a listed impairment, she is presumed disabled and is automatically entitled to benefits. *Id.* If her claim falls short, the eligibility analysis proceeds to step four.

The fourth step of the analysis requires the ALJ to determine whether the claimant's RFC permits her to resume her past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). "A claimant's RFC measures the most [she] can do despite [her] limitations." *Zirnsak*, 777 F.3d at 611 (citing 20 C.F.R. § 404.1545(a)(1)). If the Commissioner determines that the claimant cannot resume her past relevant work, the burden presumptively shifts to the Commissioner to show "the existence of other available work that the claimant is capable of performing." *Zirnsak*, 777 F.2d at 612 (citations omitted). The Commissioner must show at step five that "given [the] claimant's age, education, and work experience, he or she can still perform specific jobs that exist in the national economy." *Podedworny v. Harris*, 745 F.2d 210, 217 (3d Cir. 1984) (citing *Rossi v. Califano*, 602 F.2d 55, 57 (3d Cir. 1979)); *see also* 20 C.F.R. § 404.1560. At this step, whether a claimant will

6

receive benefits depends on the Commissioner's finding that the claimant is unable to perform work available in sufficient numbers in the national economy. *Zirnsak*, 777 F.3d at 612.

### III. DISCUSSION

Based on the Court's review of the ALJ's decision and the extensive record in the present case, the Court finds good cause to remand the matter. Notably, in reaching a decision, an ALJ must evaluate the evidence and explain the reasons for accepting or rejecting evidence. *Cotter*, 642 F.2d at 705.[2] Here, the ALJ provided insufficient analysis for the Court to find that his step four determination and the weight he afforded to Plaintiff's subjective complaints of pain were supported by substantial evidence.

With respect to the step four determination, Plaintiff contends that the ALJ erred in his finding that Plaintiff's past relevant work was light, "unskilled" work with a specific vocational profile ("SVP") of 2. (Pl.'s Moving Br. 10-12, ECF. No. 12.) Defendant contends that the ALJ's finding was "nothing more than a harmless typographical error." (Def.'s Moving Br. 4, ECF No. 13.) The ALJ's discussion at step four provided:

> At the hearing, the vocational expert ["VE"] testified that [Plaintiff's] past relevant work as an Accounts Receivable Clerk (DOT#210.382-014), is characterized by the Dictionary of Occupational Titles as light work with an SVP of 2. The [VE] testified that based on the above [RFC], [Plaintiff] could perform her past relevant work.

(AR 26.) This did not constitute harmless error. The VE, in fact, testified that Plaintiff's past relevant work was sedentary with an SVP of 6, not light work with an SVP of 2. (AR 60.) ("The work she's done as [an] accounts receivable collection clerk manager has a DOT number of 210.382-014, classified as ***sedentary*** with an ***SVP of 6***" (emphasis added)).

---

[2] "We interpret our prior language and holding in light of our statutory function of judicial review. In this regard we need from the ALJ not only an expression of the evidence s/he considered which supports the result, but also some indication of the evidence which was rejected. In the absence of such an indication, the reviewing court cannot tell if significant probative evidence was not credited or simply ignored." *Cotter*, 642 F.2d at 705.

7

The ALJ also found that Plaintiff could resume her past work despite the RFC's provision that Plaintiff would be absent up to one day per month. The VE, however, testified that Plaintiff would not be able to successfully complete an onboarding period in the competitive labor market if she requires one day off each month. As posed to the VE, Mr. Meola:

> Q: On these unskilled jobs, Mr. Meola, when you're in the training stage or the first six or nine months on these jobs, do you even get a day off a month?
>
> A: Usually not in the first introduction period. That would be a sure sign for not being able to maintain it. Once you're working and you go past the introduction period generally the one day a month is in [e]ffect with most employers of unskilled work.

(AR 67.)

An ALJ's step four findings are significant because they determine whether: (1) a claimant can perform past relevant work; (2) a claimant is capable of exertion; and (3) it is necessary to move to step five of the sequential analysis. *Zirnsak*, 777 F.3d at 612; *See also* 20 C.F.R. § 404.1567(a),(b). Here, however, the ALJ's finding that Plaintiff could perform her past work as an accounts receivable clerk is contradicted by the VE's testimony. If the ALJ had found, as supported by the VE, that Plaintiff's past work was sedentary with an SVP of 6 or had recognized the time off during the onboarding process, the sequential analysis may have been altered. Moreover, the ALJ did not provide an explanation for the contradictions, which he is required to do under the *Cotter* standard. *Cotter*, 642 F.2d at 705-07. Due to the discrepancies between the VE's testimony and the ALJ's limited findings in light of the comprehensive record in this matter, the Court must remand for further analysis.

The Court must also remand to afford the ALJ the opportunity to provide more detailed analysis regarding Plaintiff's subjective complaints of pain. The Third Circuit has held that "[a]n ALJ must give serious consideration to a claimant's subjective complaints of pain, even where those complaints are not supported by objective evidence." *Mason v. Shalala*, 994 F.2d 1058, 1067

8

(3d Cir. 1993) (citing *Ferguson v. Schweiker*, 765 F.2d 31, 37 (3d Cir. 1985)). "Where medical evidence does support a claimant's complaints of pain, the complaints should then be given 'great weight' and may not be disregarded unless there exists contrary medical evidence." *Mason*, 994 F.2d at 1067-68 (citing *Carter v. R.R. Ret. Bd.*, 834 F.2d 62, 65 (3d Cir. 1986)); *Ferguson*, 765 F.2d at 37. "Testimony of subjective pain and inability to perform even light work is entitled to great weight, particularly when, as here, it is supported by competent medical evidence." *Dobrowolsky v. Califano*, 606 F.2d 403, 409 (3d Cir. 1979); *see also Podedworny*, 745 F.2d at 218 (holding that the ALJ abdicated his duty by failing to afford significant weight to testimony of the claimant and treating physicians in accordance with precedent and in failing to explain rejection of this evidence against the *Cotter* standard). In *Morales v. Apfel*—where the record demonstrated the questionable credibility of the plaintiff because it contained medical evidence that the plaintiff was both malingering and uncooperative—the Third Circuit held that "[a]lthough an ALJ may consider his own observations of the claimant and this Court cannot second-guess the ALJ's credibility judgments, they alone do not carry the day and override the medical opinion of a treating physician that is supported by the record." 225 F.3d at 318.

Here, Plaintiff's subjective complaints of pain are supported by the underlying medical records. In addition, Plaintiff's attorney included questions regarding Plaintiff's subjective complaints of pain in certain hypothetical questions to the VE.[3] Because the ALJ provided

---

[3] Questions and answers between Plaintiff's attorney and the VE at the hearing included:

> Q: With medication, narcotic medication for pain, some suffering the side effects of drowsiness, tiredness, where it's not—we're not talking about 10%, six minutes out of every hour, we're talking about when they take the medication, I mean it slows your ability to—your cognitive functioning down, ability to concentrate, pay attention, focus, I would assume that would affect someone doing a semiskilled or skilled job much more than it would be an unskilled job, would that be fair?

9

conclusory, insufficient analysis, the Court cannot find that the ALJ's findings with respect to Plaintiff's subjective complaints of pain were supported by substantial evidence.

Significantly, access to the Commissioner's reasoning is essential to meaningful Court review:

> [U]nless the Secretary has analyzed all evidence and has sufficiently explained the weight he has given to obviously probative exhibits, to say that his decision is supported by substantial evidence approaches an abdication of the court's 'duty to scrutinize the record as a whole to determine whether the conclusions reached are rational.'

*Dobrowolsky*, 606 F.2d at 407 (quoting *Gober v. Matthews*, 574 F.2d 772, 776 (3d Cir. 1978)).

The Court, accordingly, finds good cause to remand for further analysis.[4]

---

> A: Well, it's the drowsiness or the medication takes them—if they're off their task they're not able to complete their work skill—or work task during the course of the day whether they're at the skilled or unskilled level. That would preclude them from working.
>
> Q: Right. But the skilled is much more multitasking. I mean it can affect you a lot more?
>
> A: It would have a major impact in my opinion on skilled work or semiskilled work.

(AR 62-63.)

[4] The Court is not persuaded by Plaintiff's argument that the ALJ was required to consider obesity. (Pl.'s Moving Br. 20.) In support of her position, Plaintiff cites cases in which the claimant specifically raised problems caused by obesity during the process. For example, the plaintiff in *Diaz v. Commissioner of Social Security* had been diagnosed as "morbidly obese." 577 F.3d 500, 502 (3d Cir. 2009). As the Commissioner correctly argues, *Rutherford v. Barnhart* is comparable to the present case because the *Rutherford* plaintiff did not raise obesity as an issue before the ALJ or at the hearing. 399 F.3d at 552-53. Consequently, the Court finds that remand would not be required on the obesity issue alone. *Id.* at 553. Here, because the ALJ was not prompted to consider obesity, there was no reason to combine and compare this with other potentially severe ailments, as Plaintiff suggests. (Pl.'s Moving Br. 27.) Nevertheless, because the Court remands on other issues, the ALJ may consider the obesity issue upon remand.

## IV. CONCLUSION

For the foregoing reasons, this matter is remanded for further proceedings. An Order consistent with this Memorandum Opinion will be entered.

s/ Michael A. Shipp<br>
**MICHAEL A. SHIPP**<br>
**UNITED STATES DISTRICT JUDGE**

Dated: October 31, 2018